Paul H. Young, Esquire  
Young, Marr & Associates, LLC.  
3554 Hulmeville Road  
Suite 102  
Bensalem, PA 19020  
215-639-5297  
Fax : 215-639-1344  
Email: ykassoc@gmail.com  

Order Filed on March 9, 2018
by Clerk
U.S. Bankruptcy Court
District of New Jersey

_____

| | |
|---|---|
| IN THE UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | : <br> : <br> : CHAPTER 13 CASE |
| IN RE: <br> David and Laura Archer | : <br> : <br> : CASE NO. 14-19723 KCF <br> : <br> : <br> : JUDGE: kCF <br> : <br> : |
| DEBTORS : | : HEARING DATE: |

_____

**ORDER GRANTING APPROVAL OF THE MORTGAGE LOAN MODIFICATION AS TO BAYVIEW LOAN SERVICING**

The relief set forth on the following pages, numbered three (3) through _____3_____ is hereby **ORDERED**.

**DATED: March 9, 2018**

Honorable Kathryn C. Ferguson  
United States Bankruptcy Judge

**THIS CAUSE** coming on to be heard, and being heard, before the undersigned Judge of the United States Bankruptcy Court for District of New Jersey, pursuant to the Motion for an Order Approving Loan Modification as to Bayview Loan Servicing filed by the Debtors; and

**IT APPEARING** to the undersigned that this court has jurisdiction over the parties and over the subject matter of this Motion; and

**IT FURTHER APPEARING** to the undersigned that all parties in interest received notice of this Motion and of the time, date and place of this hearing and that no such parties have filed any timely objections or otherwise appeared in opposition to the said Motion and that the time for filing any such objection has expired; and

**IT FURTHER APPEARING** to the undersigned that the relief requested by the debtor in their Motion are consistent with the applicable provisions of Title 11 of the United States Code and that the debtors has established good and sufficient cause to grant said relief; and

**IT FURTHER APPEARING** to the undersigned that the Motion of the debtor's to Approve the Mortgage Loan Modification as to BAYVIEW LOAN SERVICING is granted;

**ORDERED** that the court hereby authorizes secured creditor and debtor to enter into a loan modification; and

**IT IS FURTHER ORDERED** that in the event a loan modification is completed and the pre-petition arrears are capitalized into the loan, secured creditor must withdraw its Proof of Claim or amend the arrearage portion to the amount paid to date or to zero (0) within thirty (30) days of completion of the loan modification; and

**IT IS FURTHER ORDERED** that the Chapter 13 Trustee will suspend disbursements to secured creditor pending completion of the loan modification.  All money that would otherwise be paid to the secured creditor will be held until the

claim is withdrawn or amended to reflect the arrearage portion to the amount paid to date or to zero (0); and

**IT IS FURTHER ORDERED** that in the event the modification is not consummated, the secured creditor must notify the Trustee and debtors' attorney of same. Any money that were held by the Trustee pending the completion of the modification will then be paid to secured creditor; and

**IT IS FURTHER ORDERED** that in the event the Proof of Claim is amended to the amount paid to date, to zero or is withdrawn the Trustee may disburse the funds being held pursuant to this order to other creditors in accordance with the provisions of the confirmed plan.

**IT IS FURTHER ORDERED** that debtors must file an amended Schedule J and Modified Plan within twenty (20) days of this Order.

**IT IS FURTHER ORDERED** that communication and/or negotiations between debtors and mortgagees/mortgage servicers about loan modification will not be deemed as violation of the automatic stay, and any such communication or negotiation must not be used by either party against other in any subsequent litigation

**IT IS THEREFORE SO ORDERED.**

This Order has been signed electronically. The judge's signature and court's seal appear at the top of the Order

United States Bankruptcy Court